**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| CHARLES CHAPUIS,<br>Plaintiff,<br>v.<br>FOGELMAN PROPERTIES, LLC; MEMPHIS CENTER CITY REVENUE FINANCE CORPORATION; LINKOUS CONSTRUCTION CO., INC.; and 4F DESIGN, PC<br>Defendants. | No. 2:26-cv-03183-SHL-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT FOGELMAN PROPERTIES, LLC**

Before the Court is Plaintiff Charles Chapuis's Motion to Dismiss Defendant Fogelman Properties, LLC Pursuant to Fed. R. Civ. P. 21. (ECF No. 19.) The Motion is unopposed. From the outset, it has been unclear whether Defendant Fogelman Properties, LLC is a proper party to this case. (See ECF No. 12; ECF No. 17.) So, Fogelman requested several extensions to its responsive-pleading deadline, which were granted. (See ECF No. 15; ECF No. 18.) In the instant Motion, Chapuis now asserts that Fogelman is not a proper party and therefore requests its dismissal under Rule 21. (ECF No. 19 at PageID 95.) For the reasons set out more fully below, the Motion is **GRANTED**.

**BACKGROUND**

On September 14, 2026, Chapuis brought this action under the Fair Housing Act alleging that Defendants failed to design and construct an apartment with accessibility features mandated by federal law. (See ECF No. 1.) At the time he filed his Complaint, Chapuis believed that Defendant Fogelman participated in the design and construction of the property. (Id. at PageID

3.) After Fogelman represented that it played no role in the property's design or construction, Chapuis undertook his own investigation and confirmed Fogelman's position. (ECF No. 19 at PageID 97.) So, Chapuis seeks this Court's approval to dismiss Fogelman from the case. (Id.)

## ANALYSIS

A court may "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In cases with multiple defendants, "Rule 21 provides the appropriate basis for dismissal of a single defendant." Wells v. City of Memphis, No. 2:23-cv-02224-SHL-atc, 2026 WL 1047761, at *2 (W.D. Tenn. Apr. 17, 2026) (quoting Henderson-Thompson v. Jardoin, No. 2:22-cv-2013-MSN-cgc, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022)).

When evaluating a Motion under Rule 21, courts examine potential prejudice to the non-moving parties under the standards of Rule 41. Id. (citing Cooke v. Life Ins. Co. of N. Am., No. 2:25-cv-02901-SHL-tmp, 2025 WL 3163092, at *1 (W.D. Tenn. Nov. 12, 2025)). Those factors focus on "whether a non-moving party would suffer 'plain legal prejudice[,]'" and include:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

Id. at *3 (quoting Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)).

Here, dismissal of Defendant Fogelman Properties, LLC is proper. For one, all Defendants consent to Fogelman's dismissal. (ECF No. 22 at PageID 158.) Moreover, Chapuis correctly observes that all factors favor Fogelman's dismissal. (Id. at PageID 154–55.) This action was filed just over two months ago, and Fogelman has yet to file an answer or other responsive pleading to Chapuis's Complaint. Additionally, the request for a dismissal is well supported, as Chapuis has discovered that Fogelman is not a proper party to his action. Finally, no Motion for Summary Judgment has been filed.

As to the other Defendants, there is no indication that Fogelman's dismissal will prejudice them. The other Defendants remain in this action, and it does not appear that Fogelman's dismissal would impact their preparation for trial.

For these reasons, Chapuis's Motion is **GRANTED**, and all claims by Chapuis against Fogelman are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE